## A. B. DICK CO. v. HENRY.

(Circuit Court, S. D. New York.    July 5, 1898.)

INJUNCTIONS IN PATENT CASES—VIOLATION—PUNISHMENT.

A defendant knowingly violating an injunction is not to be excused from punishment on the ground that the few dollars to be earned by selling the infringing article constituted too strong a temptation to be resisted; his circumstances being such that he finds it difficult to make a living.

This was a suit in equity by the A. B. Dick Company against Sidney Henry for infringement of a patent.    The cause was heard on motion to punish the defendant for contempt in disobeying a decree for perpetual injunction.

Richard N. Dyer, for complainant.

Sidney Henry, per se.

LACOMBE, Circuit Judge.    This is a peculiarly disagreeable motion to deal with, as, indeed, are all such where defendants do not appear by counsel, and appeal to the mercy of the court with some pitiable story of necessity.    It seems necessary, however, to vindicate the process of the court, since violation of its injunction seems to be growing more frequent.    The defendant once before violated this same injunction, and, upon being brought up upon proceedings to punish for contempt, appeared without counsel, and represented that he supposed some decision in another cause concerning the same patent left him free to infringe.    His ignorance of the law was taken as an excuse.    He was cautioned, and sentence suspended.    Now it appears that he has again, and this time knowingly, infringed.    His only excuse is that the few dollars to be earned by selling the infringing article were too strong a temptation to be resisted; his circumstances being such that he finds it difficult to make a living. Of course, this is no excuse; and, unless the obligation of its decrees is enforced, the court itself will soon be in contempt.    Complainants are as much entitled to consideration as are defendants, even though the complainant be—as defendant here urges in excuse for his conduct—a corporation.    Consideration, however, will be given to the defendant's distressful condition in this particular case,—a measure of consideration which is not to be taken as a precedent.    Indeed, where a copy of this opinion is served with the writ of injunction in future cases, complainant, in the event of subsequent violation, will be in a position to urge that individuals thus disobeying be fined and imprisoned to the full extent allowed.    Let a warrant issue committing defendant for two days.